**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-00081-01-CR-W-GAF |
| | ) | |
| REGINALD COLLIER, | ) | |
| | ) | |
| Defendant. | ) | |

## PRELIMINARY ORDER OF FORFEITURE

This matter is before the Court on the Motion of the United States for a Preliminary Order of Forfeiture. In the Forfeiture Allegation of the Indictment in this case, the United States sought forfeiture of the following:

        One DVD Writer LG, Serial Number: 503ZYG5023799;

        One Generic DVD Burner, Serial Number: 10106011;

        One Aleratac 7-Bay DVD Burner, Serial Number: 00332-002163;

        One KCH CD Recorder, Model Number: CDR2000;

        One Microboards DVD Burner Quebec DVD, Serial Number: 10896;

        One CD Writer Telex, Serial Number: US0119001;

        Approximately 1,355 counterfeit DVDs;

        Approximately 994 counterfeit CDs;

        Seven Black CD/DVD cases; and

        One Compaq Laptop Presario R4000, Serial Number: CNDS210JX1;

pursuant to 17 U.S.C. §§ 506(b) and 509(a) on the basis that the property was manufactured, reproduced, distributed, sold, or otherwise used, intended for use, or possessed with the intent to

use; pursuant to 18 U.S.C. § 981(a)(1)(C) and 1956(c)(7) and 28 U.S.C. § 2461(C), on the basis that the property constitutes or is derived from proceeds traceable the alleged violation; pursuant to 18 U.S.C. § 2320(b)(3)(A) on the basis that the property constituted or was derived from any proceeds the defendant obtained, directly or indirectly, as a result of the offense, and any of the defendant's property used, or intended to be used, in any manner or part, to commit, facilitate, aid, or abet the commission of the offense, and any article that bears or consists of a counterfeit mark used in committing the offense.

On August 14, 2009, the defendant Reginald Collier entered into a plea agreement with the United States in which he agreed to plead guilty to Count One of the Indictment, charging violations of 17 U.S.C. § 506 and 18 U.S.C. § 2319, and to forfeit to the United States the property identified in the Forfeiture Allegation.

The Court has determined, based upon the evidence set forth in the plea agreement, that the United States has established the requisite nexus between the property described herein and in the Forfeiture Allegation of the Indictment and the offense to which the defendant has pleaded guilty.

By virtue of the plea agreement, the United States is now entitled to a Preliminary Order of Forfeiture and to possession of the property pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) .

Accordingly, it is hereby ORDERED:

1. Based upon the plea agreement and the Forfeiture Allegation of the Indictment, the following property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853:

    One DVD Writer LG, Serial Number: 503ZYG5023799;

> One Generic DVD Burner, Serial Number: 10106011;
>
> One Aleratac 7-Bay DVD Burner, Serial Number: 00332-002163;
>
> One KCH CD Recorder, Model Number: CDR2000;
>
> One Microboards DVD Burner Quebec DVD, Serial Number: 10896;
>
> One CD Writer Telex, Serial Number: US0119001;
>
> Approximately 1,355 counterfeit DVDs;
>
> Approximately 994 counterfeit CDs;
>
> Seven Black CD/DVD cases; and
>
> One Compaq Laptop Presario R4000, Serial Number: CNDS210JX1.

2. Pursuant to 21 U.S.C. § 853, United States shall publish for at least 30 consecutive days on the government's official website, www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant Reginald Collier, having or claiming a legal interest in the above-described property must file a petition with the Court (and serve a copy on Matthew P. Wolesky, Assistant United States Attorney), within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice to any

person known to have alleged an interest in the property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

     3. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing (or before if the defendant consents) and shall be made part of the sentence and included in the judgment.

     4. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture in which all interests will be addressed.

                                            s/ Gary A. Fenner
                                            Gary A. Fenner, Judge
                                            United States District Court

DATED: September 23, 2009